IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ZOUHEIR SAUL FAKHOURI, | : | |
| | : | |
| Petitioner | : | |
| | : | CIVIL NO. 1:11-CV-0389 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| | : | |
| BRIAN THOMPSON, *et al.*, | : | |
| | : | |
| Respondents | : | |

## <u>MEMORANDUM</u>

July 14, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Presently before the Court is the *pro se* Petition for Writ of Habeas Corpus

("Petition") filed under the provisions of 28 U.S.C. § 2254 by Petitioner Zouheir Saul

Fakhouri ("Petitioner" or "Fakhouri"), an inmate presently confined at the Mercer

State Correctional Institution ("SCI Mercer") in Mercer, Pennsylvania.  (Doc. 5.)  For

the reasons set forth below, the Petition will be dismissed without prejudice for failure

to exhaust state court remedies.

## I.    FACTUAL BACKGROUND

### A.    Criminal Conviction and Direct Appeal Proceedings

On July 25, 2008, Fakhouri was convicted by a jury sitting in the Pike County

Court of Common Pleas of two (2) counts of Delivery of a Controlled or Counterfeit

Substance; two (2) counts of Possession with Intent to Manufacture or Deliver a

Controlled or Counterfeit Substance; two (2) counts of Criminal Use of a

Communication Facility; and two (2) counts of Possession of a Controlled or

Counterfeit Substance.  (Doc. 12, Response, ¶ 1.)  On September 25, 2008, Fakhouri

was sentenced to a term of thirty (30) months to not more than sixty (60) months in a

state correctional facility.  (*Id.* ¶ 3.)

Fakhouri filed a direct appeal from his judgment of sentence to the

Pennsylvania Superior Court.  (*Id.* ¶ 4.)  In its September 3, 2009 opinion affirming

his judgment of sentence, the Pennsylvania Superior Court set forth the following

relevant facts of the case as summarized by the trial court:

> On March 22, 2007, Stacy Cambria, a confidential informant (CI)
> working with the Pennsylvania State Police Vice unit contacted
> [Appellant] regarding the purchase of a controlled substance, specifically
> cocaine.  The CI placed a phone call to [Appellant] using a cellular phone
> issued to Trooper Gina Tasselmeyer.  Trooper Tasselmeyer dialed the
> phone number provided by the CI to ensure the number being dialed was
> actually the number provided by the CI.  Trooper Tasselmeyer was
> present during the telephone call which lasted approximately 15 seconds.
> [Appellant] told the CI to meet him at the corner of Decker and
> Cantebury to complete the purchase.
>
> Prior to meeting [Appellant] at the location, Trooper Tasselmeyer
> searched both the CI and CI's vehicle and provided the CI with two
> hundred dollars ($200) in serialized U.S. currency.  The CI and Trooper
> Tasselmeyer proceeded to the pre-determined meeting location in the
> CI's vehicle.  They parked along the shoulder of the roadway.

2

[Appellant] was not yet present when they arrived at the location. [Appellant] arrived shortly thereafter and the CI entered [Appellant's] vehicle. [Appellant] then drove down the road before coming back about a minute and a half later. The CI then exited [Appellant's] vehicle and got back into her vehicle with the trooper and handed her one foil packet. After the transaction was complete, Trooper Tasselmeyer then searched the CI and CI's vehicle again and found no money, weapons, or controlled substances.

The following day, March 23, 2007, another purchase was arranged by the CI with [Appellant]. As on March 22, the trooper used her state issue[d] cellular phone to dial the phone number provided by the CI. The CI was again provided with serialized U.S. currency and the CI and vehicle were searched prior to leaving for the location. They thereafter proceeded to the same location as the previous buy and again parked alongside the roadway. [Appellant] subsequently arrived and motioned for the CI to follow him in his vehicle. They parked alongside the roadway and the CI again exited her vehicle and entered [Appellant's] car.

After approximately one minute, the CI got back into her vehicle and handed Trooper Tasselmeyer a paper towel containing two foil packets. After the transaction was completed, the CI and vehicle were again searched. The contents of the two packets tested positive for cocaine following a field test and lab testing at the Wyoming laboratory.

(Doc. 12-19 at 1-2, 9/3/09 Pa. Super. Ct. Op.)  The Pennsylvania Superior Court

summarized the issues raised by Fakhouri in his brief on direct appeal as follows:

> 1.  Whether the pre-arrest delay violated Appellant's right to due process?
>
> 2.  Whether the testimony and evidence presented at trial failed to prove the elements of the crime of criminal use of communication facility, beyond a reasonable doubt?
>
> 3.  Whether the testimony and evidence presented at trial failed

> to prove the elements of the crime of delivery of a controlled or counterfeit substance, beyond a reasonable doubt?

> 4. Whether the testimony and evidence presented at trial failed to prove the elements of the crime of possession with intent to deliver[] a controlled or counterfeit substance, beyond a reasonable doubt?

> 5. Whether the testimony and evidence presented at trial failed to prove the elements of possession of a controlled or counterfeit substance, beyond a reasonable doubt?

(*Id.* at 3-4.)  On September 18, 2009, after the Pennsylvania Superior Court affirmed his judgment of sentence, Fakhouri filed a *pro se* Application for Reconsideration. (Doc. 12 ¶ 8.)  By Order dated October 1, 2009, the Pennsylvania Superior Court denied Fakhouri's Application because it had been filed beyond the fourteen (14) day period allowed for such motions.  (*Id.* ¶ 9.)

## B.    Previous Habeas Petition

On August 20, 2009, before the Pennsylvania Superior Court had disposed of his direct appeal from his judgment of sentence, Fakhouri filed with this Court a petition for writ of habeas corpus under the provisions of 28 U.S.C. § 2254 challenging his 2008 Pike County conviction.  (*See Fakhouri v. Harlow*, Civil No. 4:09-CV-1601, Doc. 1.)  The petition was assigned to our late and esteemed colleague,

the Honorable James F. McClure, Jr.[1]  In his petition, Fakhouri asserted claims of ineffective assistance of trial counsel, trial court errors, and prosecutorial misconduct. (*Id.*)

In accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), on September 24, 2009, Judge McClure issued a formal notice to Fakhouri that he either could have his petition ruled on as filed, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  (*Id.*, Doc. 3.)

On November 4, 2009, Fakhouri filed a document entitled "Reconsideration Motion."  (*Id.*, Doc. 4.)  Despite its title, the "Motion" did not request reconsideration of the Court's September 24, 2009 Order, but rather contained argument in support of Fakhouri's position that his claims should be deemed procedurally defaulted. Attached to the "Motion" was Fakhouri's Notice of Election indicating that he chose to have the petition ruled on as filed.  (*Id.*, Doc. 4-2 at 17-18.)  By Order dated December 18, 2009, the Court construed the document as a memorandum of law in support of the petition, and, based on the Notice of Election, directed service of the petition on Respondents.  (*Id.*, Doc. 5.)

---

[1] This matter was reassigned to the undersigned following the passing of Judge McClure.

After briefing of the petition by the parties, by Memorandum and Order dated March 3, 2010, the Court dismissed the petition without prejudice for failure to exhaust state court remedies. (*Id.*, Doc. 10.) The Memorandum observed that, although Fakhouri argued that state procedural rules barred him from seeking relief in state courts and that his claims therefore should be considered by a federal habeas court, he still had state remedies available to him in that he had not yet filed a petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541 *et seq.* (*Id.*, Doc. 10 at 5-6.) The Court also concluded that Fakhouri would have ample time remaining on the one-year time period under 28 U.S.C. § 2244 for seeking federal habeas relief upon the conclusions of state court proceedings, and therefore dismissed his petition without prejudice to his right to re-file upon the conclusion of state court proceedings. (*Id.*, Doc. 10 at 7-9.)

### C.    PCRA Proceedings

On or about June 23, 2010, Fakhouri filed a *pro se* PCRA petition in the Pike County Court of Common Pleas. (Doc. 12 ¶ 14.) On or about July 8, 2010, the PCRA court appointed Oressa Campbell, Esquire to investigate Fakhouri's PCRA claims and either file an amended petition for PCRA relief or seek to withdraw from the case with the submission of a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Mosteller*, 633 A.2d 615 (Pa. 1993); and

*Commonwealth v. Kaufmann*, 592 A.2d 691 (Pa. Super. Ct. 1991). (*Id.*

¶ 15.) On February 24, 2011, after submitting a no-merit letter, Attorney Campbell

was granted permission to withdraw as counsel. (*Id.* ¶ 16.)

On February 24, 2011, the PCRA court appointed Ronnie Fischer, Esquire as

Fakhouri's new counsel to further investigate Fakhouri's PCRA claims. (*Id.* ¶ 17.)

On April 5, 2011, after the filing of a no-merit letter, Attorney Fischer was granted

permission to withdraw as counsel. (*Id.* ¶ 18.) The PCRA court also issued an order

advising Fakhouri of its intention to dismiss his PCRA petition within twenty (20)

days unless it received a response from him within that time period. (*Id.*)

On April 25, 2011, Fakhouri filed a *pro se* Motion to Object to No-Merit letter

with the PCRA court. (*Id.* ¶ 19.) A hearing on Fakhouri's motion was scheduled for

June 24, 2011. (*See* Doc. 12-28, 4/28/11 Scheduling Order.) However, by Order

dated June 6, 2011, the PCRA court granted the Commonwealth's motion for a

continuance, and the hearing presently is scheduled on August 2, 2011. (*See* Doc. 13

at 43, 6/6/11 Order.)

### D.    The Instant Petition for Writ of Habeas Corpus

On March 1, 2011, while his PCRA petition was pending, Fakhouri filed the

instant action in which he again challenges his 2008 Pike County conviction. Because

the document filed by Fakhouri was not in the form of a petition for writ of habeas

corpus, but instead was in the form of a memorandum of law, by Order dated March 4, 2011, we directed Fakhouri to file a petition on or before March 25, 2011.  (Doc. 4.)  On March 17, 2011, he filed his Petition (Doc. 5) under the provisions of 28 U.S.C. § 2254.  He also filed supporting exhibits.  (Docs. 6, 7.)  Fakhouri raises the following grounds for relief:

> GROUND ONE: Whether the pre-arrest delay violated petitioner's right to Due Process?

> GROUND TWO: Whether the rights of speedy trial under the sixth Amendment of the United States Being [*sic*] violated?

(Doc. 5, Petition, at 6, 7.)

On March 21, 2011, in accordance with *Miller*, *supra*, 197 F.3d 644, and *Mason, supra*, 208 F.3d 414, this Court issued a formal notice to Fakhouri that he either could have his Petition ruled on as filed, or withdraw his Petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by AEDPA.  (Doc. 8.)  The Order advised Fakhouri that if he did not return his Notice of Election within forty-five (45) days, the Court would proceed to rule on the Petition as filed.  (*See id.* at 4 ¶ 2.)

Fakhouri did not return his Notice of Election, and therefore, by Order dated May 16, 2011, service of the Petition was directed.  (Doc. 9.)  On June 3, 2011, a Response to the Petition (Doc. 12) and supporting exhibits (Docs. 12-1 through 12-28)

were filed by the Pike County District Attorney on behalf of Respondents.  In the

Response, Respondents do not address the merits of Fakhouri's claims, but instead

assert that the Petition presents claims that are unexhausted in state court and that the

Petition therefore should be dismissed.  (*See* Doc. 12.)  On June 17, 2011, Fakhouri

filed a brief in reply to the Response.  (Doc. 13.)  Accordingly, the issue as to whether

the instant Petition should be dismissed for failure to exhaust is fully briefed and ripe

for disposition.

## II.    DISCUSSION

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper

mechanism for a state prisoner to challenge the "fact or duration" of his confinement.

*Preiser v. Rodriguez,* 411 U.S. 475, 498-499 (1973).  "[I]t is not the province of a

federal habeas court to reexamine state-court determinations on state-law questions."

*Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991).  Rather, federal habeas review is

restricted to claims based "on the ground that [petitioner] is in custody in violation of

the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Estelle,*

502 U.S. at 67-8; *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Johnson v.*

*Rosemeyer,* 117 F.3d 104 (3d Cir. 1997).

### A.    Exhaustion

Before a federal court can review the merits of a state prisoner's habeas

petition, it must determine whether the petitioner has met the requirements of exhaustion. Relief cannot be granted unless all available state remedies have been exhausted, or there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the rights of the applicant. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity in order to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *See Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir. 2000).

      To satisfy the exhaustion requirement, a federal habeas petitioner must have presented the facts and legal theory associated with each claim through "one complete round of the State's established appellate review process."[2] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *see also Holloway v. Horn,* 355 F.3d 707, 714 (3d Cir. 2004). The exhaustion requirement is satisfied if a petitioner's claims are either presented to the state courts directly on appeal from the judgment of sentence, or through a collateral proceeding, such as a PCRA petition. *Swanger v. Zimmerman*,

---

[2]Pursuant to Pennsylvania Supreme Court Order 218, effective May 9, 2000, issues presented to the Pennsylvania Superior Court are considered exhausted for the purpose of federal habeas corpus relief under Section 2254. *See In re: Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases,* No. 218, Judicial Administration Docket No. 1 (May 5, 2000) (per curiam). As such, petitioners are not required to seek review from the Pennsylvania Supreme Court in order to give the Pennsylvania courts a "full opportunity to resolve any constitutional claims." *Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004).

750 F.2d 291, 295 (3d Cir. 1984). It is not necessary for a petitioner seeking federal habeas relief to present his federal claims to state courts *both* on direct appeal *and* in a PCRA proceeding. *Id.* However, a petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c); *Castille v. Peoples*, 489 U.S. 346, 350 (1989). The petitioner bears the burden of demonstrating that he has satisfied the exhaustion requirement. *Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000) (citing *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d. Cir. 1997)).

### B.    Procedural Default

"[I]f [a] petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is procedural default for the purpose of federal habeas . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999). A federal court can reach the merits of procedurally defaulted claims only if the petitioner demonstrates either "cause and prejudice" in connection with the procedural default, or that a fundamental miscarriage of justice would result if his claim was not reviewed. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 223 (3d Cir. 2001); *Lines*, 208 F.3d at 166.

11

Although the issue is best addressed by the state courts, a federal court may dismiss a petition as procedurally barred if state law would unambiguously deem it defaulted. *See Carter v. Vaughn*, 62 F.3d 591, 595 (3d Cir. 1995). Similarly, procedural default occurs when a petitioner presented the claim in the state system, but the state court refuses to address the claim on the merits because of "a state-law ground that 'is independent of the federal question and adequate to support the judgment.'" *Cone v. Bell*, - - - U.S. - - - - , - - - -, 129 S.Ct. 1769, 1780 (2009) (quoting *Coleman*, 501 U.S. at 729). The purpose of the procedural default rule is to prevent habeas petitioners from avoiding the exhaustion doctrine by defaulting their claims in state court. *Coleman*, 501 U.S. at 732.

### C.   Analysis

In the instant case, Fakhouri has not satisfied the exhaustion requirement. As noted above, in his Petition, he articulates his two (2) grounds for relief as follows:

> GROUND ONE: Whether the pre-arrest delay violated petitioner's right to Due Process?

> GROUND TWO: Whether the rights of speedy trial under the sixth Amendment of the United States Being [*sic*] violated?

(Doc. 5, Petition, at 6, 7.)

Respondent submits that the issues presented by Fakhouri in the instant Petition are specifically before the Pike County Court of Common Pleas in Fakhouri's

pending PCRA petition, that his claims are thus unexhausted in state court, and we

therefore must dismiss the instant Petition.  (*See* Doc. 12 at 4 ¶¶ 23-25.)  Upon review

of Fakhouri's PCRA petition, we agree.  Specifically, as to his first claim in the instant

Petition that his right to due process was violated by an alleged pre-arrest delay, in

stating his request for relief in his PCRA petition, Fakhouri advances several grounds

upon which he should be granted a new trial, including that, "[t]he defendant was

entitled to an evidentiary hearing on the ground of the delay of arrest, a Due Process

claim under the State and Federal claim."  (*See* Doc. 12-24, PCRA Petition, at 36 §

VI. ¶ 1.)  He also asserts his claim concerning pre-arrest delay in his PCRA petition

within the context of an ineffective assistance of trial counsel claim.  Specifically, he

claims that his trial counsel provided ineffective assistance of counsel through his

"failure to file for an evidentiary hearing to support fact finding that the pre-arrest

delay was reasonable."  (*See id.* at 10 ¶ 1(a).)

As to his second ground in the instant Petition asserting a violation of his right

to a speedy trial, Fakhouri also has raised this claim in his pending PCRA petition

both in terms of an ineffective assistance of counsel claim, specifically, that trial

counsel was ineffective for failing to object to an application for trial continuance,

thus depriving Fakhouri of his Sixth Amendment right to a "speedy trial" (*see id.* at 6

¶ 4), and as a claim that the trial court violated his right to a speedy trial (*see id.* at 24-

25 § II. ¶ 1).  Based on the foregoing, it is apparent that both claims raised in the

instant Petition are unexhausted, and thus we must allow the state courts to review

them before considering them in the context of federal habeas review.[3]

In order to avoid the risk that any § 2254 petition that Fakhouri would seek to

pursue upon the conclusion of his PCRA proceedings would be barred by the

expiration of the one-year statute of limitations, we must decide whether to stay the

instant Petition rather than dismiss it.  *See Crews v. Horn,* 360 F.3d 146 (3d Cir.

2004).  Under 28 U.S.C. § 2244(d)(1), a state defendant has one year to file a § 2254

petition.  For our purposes, that period starts to run from the date the conviction

becomes final, defined in § 2244(d)(1)(A) as "the date on which the judgment became

final by the conclusion of direct review or the expiration of the time for seeking such

review."  The limitations period also is tolled for the "time during which a properly

filed application for State post-conviction or other collateral review with respect to the

---

[3]As pointed out by Fakhouri in his reply brief, on direct appeal, the Pennsylvania Superior Court determined that he had waived his first issue presented on his brief on appeal that his right to due process was violated by a delay in arresting him because he did not raise the issue in his 1925(b) Concise Statement. (*See* Doc. 13 at 9 ¶ 21; Doc. 12-9 at 3, 4-5, 9/3/09 Pa. Super. Ct. Op.)  However, where Fakhouri has again raised both this issue itself, as well as an ineffective assistance of counsel claim relating to the issue in his pending PCRA petition, the issue of whether any pre-arrest delay violated Fakhouri's constitutional rights has not yet been fully reviewed by the state courts. Therefore, it would be premature for this Court to conclude that the claim has been procedurally defaulted and to engage in an analysis as to whether Fakhouri can establish either "cause and prejudice" in connection with a procedural default, or that a fundamental miscarriage of justice would result if his claims were not reviewed by this Court. *See Edwards*, 529 U.S. at 451; *Wenger*, 266 F.3d at 223; *Lines*, 208 F.3d at 166.

14

pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In the instant case, we can dismiss the instant petition rather than stay it because, even on the strictest calculation of the limitations period, Fakhouri still has time to return to federal court after exhausting state court remedies through his PCRA proceedings. Specifically, his judgment of sentence became final on November 2, 2009[4], thirty (30) days after the Pennsylvania Superior Court denied his petition for reargument as to its decision affirming his judgment of sentence. *See* Pa. R. App. P. 1113(a) (petition for allowance of appeal in the Pennsylvania Supreme Court must be filed within thirty days after the entry of Superior Court's order). At the time Fakhouri filed his PCRA petition on June 23, 2010, thereby tolling the limitations period under § 2244(d)(2), 233 days had elapsed toward the one year period during which he could seek federal habeas review after his judgment of sentence became final. *See* 28 U.S.C. § 2244. Thus, upon the conclusion of PCRA proceedings, there still are 132 days remaining for Fakhouri to file a habeas petition seeking review of the claims that are being considered by the state courts in those proceedings. Therefore, the instant Petition will be dismissed without prejudice to Fakhouri's right to re-file upon the conclusion of his PCRA proceedings. An appropriate Order will

---

[4]Thirty (30) days after October 1, 2009 was Saturday, October 31, 2009, and therefore, the time period for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired on the following Monday, November 2, 2009. *See* Fed. R. Civ. P. 6(a)(1)(C) (computation of the last day of a time period excludes Saturday, Sunday, and legal holidays).

enter.